CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAR 27 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff,* <br><br> v. <br><br> KEVIN ALFRED STROM, <br><br> *Defendant,* <br><br> —————————————————— <br><br> JOHN JUSTICE, <br><br> *Cross-Plaintiff,* <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> ELISHA STROM, <br><br> *Cross-Defendants.* | CIVIL ACTION No. 3:08mc00008 <br><br><br> ORDER <br><br><br><br> JUDGE NORMAN K. MOON |

This matter is before the Court upon the motion to intervene by the cross-plaintiff, John Justice, on behalf of the defendant, Kevin Strom (docket entry no. 1). Justice has also filed a cross-complaint in which he asks that (1) Strom's plea of guilt be quashed; (2) the Government return the seized computers in their custody to Strom and/or his family; (3) that Elisha Strom be assessed damages for property that she has stolen and/or destroyed; and (4) that the United States be assessed damages for "losses of Strom, his parents and children, and the losses and damages to [Justice] and the property for which he is trustee." (Complaint 11.) Because Federal Rule of Civil Procedure 24 is inapplicable in a criminal matter and because Justice lacks standing to challenge Strom's guilty plea, I hereby DENY the motion to intervene, DISMISS this case, and ORDER it stricken from the docket.

# I. BACKGROUND

The defendant, Kevin Strom, was indicted on January 3, 2007, for possession of child pornography, in violation of 18 U.S.C. § 2252A, and attempting to obstruct and influence an official proceeding, in violation of 18 U.S.C. § 1512(c)(2). The defendant was arrested and detained pending trial. The grand jury issued a superceding indictment on June 6, 2007, which further charged Strom with knowingly persuading, inducing, enticing, or coercing an individual under the age of 18 years to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and four counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(A).

The Court severed the charges pending against Strom, pursuant to Federal Rules of Criminal Procedure 8(a) and 14, on September 14, 2007, and ordered the trial scheduled for October 2, 2007, to proceed with respect to the charges of knowingly enticing an individual under the age of 18 years to engage in sexual activity and of attempting to obstruct and influence an official proceeding. The defendant made an oral motion for judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29, following the close of the Government's case on October 3, 2007, which the Court granted.

The defendant subsequently entered a plea of guilty on January 14, 2008, to Count Six of the Superceding Indictment, which charged him with possession of child pornography in violation of 18 U.S.C. § 2252(A). The Court ordered the probation office to prepare a presentencing report and set the date for sentencing to April 21, 2008.

The cross-plaintiff filed the pending motion to intervene, pursuant to Federal Rule of Civil Procedure 24, on March 14, 2008 and filed his cross-complaint. The cross-complaint depicts a

series of harmful acts and perceived injuries by the defendant's former wife, Elisha Strom,[1] and asks for monetary damages as a result. The cross-complaint also claims that Kevin Strom's guilty plea was obtained by fraud and deceit and asks that the plea be quashed. The cross-plaintiff further asks that the Court hold a hearing to examine the sufficiency of the evidence supporting the charges against Strom.

## II. DISCUSSION

### A. Justice Is Not Permitted to Intervene by Rule or Statute

As an initial matter, it is important to note that the rules of civil procedure do not apply in a criminal case. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all *civil* actions and proceedings in the United States district courts. . . ." (emphasis added)); *see also United States v. Wright*, No. 07-7727, 2008 WL 657090, at *1 n.1 (4th Cir. March 10, 2008). Intervention by third parties in a criminal matter is generally impermissible except where permitted by statute or to protect a property interest. *See, e.g., United States v. Reckmeyer*, 836 F.2d 200, 203 n.1 (4th Cir. 1987) (discussing rights of third parties to assert interest in property forfeited in a criminal matter); *United States v. Cuthbertson*, 651 F.2d 189, 193 (3d Cir. 1981) (finding that third parties may intervene in a criminal proceeding to challenge the disclosure of allegedly privileged materials and seek a protective order). A few courts have, however, permitted third party media representatives to "intervene" in a criminal case for the limited purpose of challenging or appealing an order closing court proceedings in the case or sealing court documents or other materials. *See, e.g., United States v. Valenti*, 987 F.2d 708, 711–12 (11th Cir. 1993) (holding that newspaper could intervene in a criminal case to challenge the closure of pretrial proceedings). Accordingly, Justice's request to

---

[1] It is unclear to the Court the current status of the Strom marriage, but this fact is immaterial to this motion.

intervene on Strom's behalf pursuant to Rule 24 must be denied. *See, e.g., United States v. Lexin*, 434 F. Supp. 2d 836, 846 (S.D. Cal. 2006) ("Fed. R. Civ. P. 24 has no applicability in criminal cases.").

Moreover, the application to intervene would have to be denied in this case even if Rule 24 were to apply because Justice does not satisfy the requirements of Rule 24. A third party may intervene pursuant to Rule 24 either as of right or by permission of the court. *See* Fed. R. Civ. P. 24(a)–(b). A party that seeks to intervene as of right, pursuant to Federal Rule of Civil Procedure 24(a)(2), must satisfy four requirements: (1) the application must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). A party with no right to intervene under Rule 24(a) may still seek permission to intervene, pursuant to Rule 24(b), if given a conditional right to intervene by statute or if it has a claim or defense that shares a common question of law or fact with the underlying action. *See* 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1913 (3d ed. 1998). In this case, Justice cannot satisfy the requirements of either Rule 24(a) or 24(b). Justice does not have an interest—in property or otherwise—in the underlying action and does not share any common questions of law or fact with Strom's case. Therefore, Justice cannot intervene in this matter pursuant to Rule 24.

### B. Justice Lacks Standing to Intervene

Further, Justice does not have standing to intervene on Strom's behalf. Article III of the Constitution limits federal courts to adjudicate only "cases" and "controversies." U.S. CONST., art. III, § 2; *see also Allen v. Wright*, 468 U.S. 737, 750 (1984). Therefore, litigants must have

"standing," the ability to have the court decide the merits of a dispute or of particular issues, in order to invoke the power of a federal court. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing is established upon a showing of (1) an injury-in fact that is concrete and particularized and actual or imminent; (2) that the injury is traceable to the challenged action of the defendant; and (3) that the injury will be redressed by a favorable decision. *Wright*, 468 U.S. at 751.

Justice asserts that Strom's guilty plea was obtained by fraud and deceit and otherwise lacks a factual basis to support it. But Justice does not have a judicially cognizable interest in Strom's guilty plea or his pending sentencing. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or a nonprosecution of another."). Only Strom will incur a direct and palpable injury when sentenced; therefore, only Strom may seek to challenge or defend himself in this case. *See United States v. Grunhoefer*, 916 F.2d 788, 791 (2d Cir. 1990) ("The direct, distinct, and palpable injury in a criminal proceeding plainly falls only on the defendant who is being sentenced. It is the defendant and he alone that suffers the direct consequences of a criminal conviction and sentence."). As a result, I lack the authority to permit Justice to intervene or otherwise involve himself in Strom's guilty plea or pending sentencing because he does not have standing to pursue his claim.

### C. Justice's Claims Against Elisha Strom Have No Bearing in This Case

Justice has also asserted claims of property damage because of the alleged theft and/or destruction of property by Elisha Strom, but these claims have no bearing on Kevin Strom's criminal case and should be filed in a civil court. Therefore, I hereby dismiss Justice's cross-complaint.

### III. CONCLUSION

Accordingly, I find that the cross-plaintiff, John Justice, has no right, by rule or by statute, to intervene in Kevin Strom's criminal case. In addition, Justice lacks standing to invoke this court's

jurisdiction to contest Strom's guilty plea or his sentencing. Further, Justice's claims of property damage by Elisha Strom in his cross-complaint have no bearing in Kevin Strom's case. Accordingly, I hereby DENY the motion to intervene (docket entry no. 1), DISMISS the cross-complaint (docket entry no. 2), and ORDER this matter stricken from the docket.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

Entered this 27th day of March, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE